# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0217 | **DATE** | January 28, 2011 |
| **CASE TITLE** | Lee A. McCorker (2008-0033535) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

The Court grants plaintiff's motion to proceed *in forma pauperis* [3]. The initial partial filing fee is waived. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state an actionable federal claim. The case is terminated. This dismissal counts as one of plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Plaintiff's motion for appointment of counsel [4] is denied as moot.

■[For further details see text below.]  Docketing to mail notices.

# STATEMENT

Plaintiff, Lee A. McCorker, a pretrial detainee at Cook County Jail, has filed a *pro se* suit pursuant to 42 U.S.C. § 1983.

According to the statement submitted with his *in forma pauperis* application, plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action.

The Court has reviewed plaintiff's complaint as required by 28 U.S.C. § 1915A. Plaintiff alleges that his deck at the Jail was placed on week-long lockdowns four times in a twelve-month period – September 20, 2009; April 6, 2010; July of 2010; and September 7, 2010. The first and third lockdowns were instituted because weapons were found, and the second was instituted following a fight. Plaintiff does not indicate why the fourth lockdown was instituted. Plaintiff was not personally involved in any of the incidents that resulted in a lockdown, but he, like others on the deck, was forced to stay in his cell. During the lockdowns, plaintiff was denied access to recreation, the day room, the law library, phone calls, and visitations. He says that he also did not receive his blood pressure medication on one occasion during a lockdown. Plaintiff also alleges that detainees in his division have not been allowed outside since approximately June 2010.

As a pretrial detainee, Plaintiff's conditions of confinement are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Hart v. Sheahan*, 396 F.3d 897, 889 (7th Cir. 2005); *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Importantly, Plaintiff does not have a "general liberty interest in movement outside of his cell guaranteed by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Thus, being placed on lockdown, in and of itself, does not constitute a constitutional violation. *See Antonelli*, 81 F.3d at 1430. In addition, restraints placed on detainees "that are reasonably related to the institution's interest in maintaining jail security do

| STATEMENT |
|---|

not, without more, constitute unconstitutional punishment." *Bell*, 441 U.S. at 540. Such conditions do not constitute improper punishment unless and until they amount to extreme deprivations over an extended period of time. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Bell*, 441 U.S. at 542.

That is not the case here, given the intermittent nature of the lockdowns plaintiff cites. *See Antonelli*, 81 F.3d at 1432 ("Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmates's health is threatened."); *Harris v. Flemming*, 839 F.3d 1232, 1236 (7th Cir. 1988) ("In modern prisons the denial of recreation time may deprive inmates of many desirable, entertaining diversions the lack of which would not raise a constitutional issue."); *Caldwell v. Miller*, 790 F.2d 589, 600 (7th Cir. 1986) (confining inmates to their cells twenty-four hours a day for a one-month period not a constitutional violation). Plaintiff's allegation that he did not receive his medication one time because of the lockdown rise to a constitutional violation. Isolated incidents of delay do not rise to the level of deliberate indifference required to give rise to a claim of constitutional deprivation in this situation. *See Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000) (isolated incidents of delay in administering clotting protein could not be considered to be deliberate indifference).

For these reasons, plaintiff has failed to state a claim upon which relief may be granted. The Court likewise concludes, based on the discussion above, that it would be futile to give plaintiff leave to amend his complaint. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (leave to amend need not be granted when the amendment would be futile). Accordingly, the Court dismisses this action for failure to state a claim upon which relief can be granted.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also be assessed another "strike."